# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ANGELIQUE TINDER,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C09-2030-LRR<br>No. CR08-2006-LRR<br><br>ORDER |

      This matter appears before the court on Angelique Tinder's motion for appointment of counsel and for copies (docket no. 5) and motion to amend (docket no. 7). Angelique Tinder ("the movant") filed the former motion on March 2, 2010 and the latter motion on June 1, 2010.

      The court concludes that appointment of counsel is not warranted in light of the two claims that the movant asserted. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). A cursory review of the record suggests that the movant's claims are straight forward. Consequently, at this time, the court declines to appoint counsel. With respect to the request for transcripts and a copy of

a report, the court does not believe those are necessary to resolve the movant's claims. Thus, at this time, the court declines to provide the movant with any transcripts or the report. Based on the foregoing, the movant's motion for appointment of counsel and for copies (docket no. 5) is denied.

Concerning the movant's motion to amend, the movant's additional arguments appear to sufficiently relate back to her two original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). To the extent that the additional arguments do not sufficiently relate back to her original claims, they are barred because they are untimely. Accordingly, the movant's motion to amend (docket no. 7) is granted in part and denied in part.

**IT IS SO ORDERED**.
**DATED** this 11th day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA